SAMUEL L. NORMAN, Respondent, v. RIGHT IDEA BUILDERS, INC., Appellant. JACOB SLADE and CREST HOLDING CORPORATION, Defendants. (Appeal No. 1.) — Order denying motion of defendant Right Idea Builders, Inc., to dismiss complaint for failure to state facts sufficient to constitute a cause of action against it reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within twenty days upon payment of costs to date. The first cause of action does not allege, nor can it be inferred, that the purchaser of appellant's property was the one procured by plaintiff. The second cause of action is insufficient as an action for fraud and deceit or for a conspiracy to defraud plaintiff and deprive him of his commissions. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur.

SAMUEL L. NORMAN, Respondent, v. RIGHT IDEA BUILDERS, INC., and CREST HOLDING CORPORATION, Defendants. JACOB SLADE, Appellant. (Appeal No. 2.)— Order denying motion of defendant Slade to dismiss complaint for failure to state facts sufficient to constitute a cause of action against him reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within twenty days upon payment of costs to date. The first cause of action is simply one for a broker's commission. Slade, as alleged agent of plaintiff, does not become liable for this commission unless he received the same, and there is no allegation setting forth that fact. The second cause of action, based upon fraud, does not show that Slade received any money, or that any commission whatever was paid to any one.

No allegation of inability of the employer to respond to plaintiff for his claim for alleged commission is set forth, nor is there any fact shown to indicate any damage to plaintiff. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur.